UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SEATTLE AREA PLUMBING & PIPEFITTING INDUSTRY HEALTH & WELFARE TRUST and WESTERN WASHINGTON U.A. SUPPLEMENTAL PENSION PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>JAY F. FREES III et al.,<br><br>Defendants. | CASE NO. 2:25-cv-01338-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs' motion for reconsideration (Dkt. No. 20) of the Court's September 29, 2026, Order (Dkt. No. 19), which granted in part and denied in part Plaintiffs' motion for default judgment (Dkt. No. 14). Having reviewed Plaintiffs' motion and the relevant record, Plaintiffs' motion for reconsideration is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The Court assumes familiarity with the facts of this case. *See* Dkt. No. 19 at 2–3 (reciting factual and procedural background). After the Court granted in part and denied in part Plaintiffs' motion for default judgment, Plaintiffs timely moved for reconsideration. Dkt. No. 20.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

//

//

//

//

## III. DISCUSSION

### A. Preliminary Issue

Under Local Civil Rule 7(h)(3), "No response to a motion for reconsideration shall be filed unless requested by the court." But also, "[n]o motion for reconsideration will be granted without such a request." *Id.* In this case, however, Defendants have failed to appear or participate, despite having received adequate service and having been apprised of the action. *See* Dkt. No. 10 (entry of default). Under such circumstances, where Defendants have neither pleaded their case nor participated in any motion practice, and after the Court has deemed it appropriate to enter default judgment against them (*see* Dkt. No. 19), the Court will not now seek their response to a motion for reconsideration filed in the closing stages of the litigation.

### B. Reconsideration

Plaintiffs seek reconsideration on two issues. First, Plaintiffs assert that the Court should have considered employee contributions to the ERISA plans at issue to have been plan assets. *See* Dkt. No. 20 at 1–4. Second, Plaintiffs assert that Defendant Sandstrom, against whom the Court declined to enter default judgment (*see* Dkt. No. 19 at 16), should have been held liable as a "governor of Above Plumbing, along with [Defendant] Frees." Dkt. No. 20 at 4. The Court will address each issue in turn.

#### 1. Plan Assets

In its Order, the Court quoted *Glazing Health and Welfare Fund v. Lamek*, 896 F.3d 908, 910 (9th Cir. 2018), for the "general rule" that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation." Dkt. No. 19 at 7. Plaintiffs do not dispute the validity of the rule. *See* Dkt. No. 20 at 1. However, Plaintiffs argue that the rule does not apply here, because the funds at issue in this case are "*employee* contributions—amounts withheld from the

wages of employees—not *employer* contributions." *Id.* at 1–2. Under federal regulation and Ninth Circuit precedent, employee contributions are considered plan assets when such funds "could reasonably have been segregated" from company assets. *Nelson v. EG&G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1390 (9th Cir. 1994) (applying 29 C.F.R. § 2510.3-102). In support of their position, Plaintiffs persuasively cite *Nelson* and several out-of-circuit opinions. *See* Dkt. No. 20 at 3.

Plaintiffs' complaint clearly indicates that the unremitted funds at issue are employee contributions, not employer contributions. *See* Dkt. No. 1 (complaint) ¶¶ 4.5–4.9. The supporting documentation that Plaintiffs provided with their motion substantiates this. *See generally* Dkt. Nos. 15-2, 15-3.

**2. Defendant Sandstrom**

The Court concluded that, "[a]s to Defendant Sandstrom . . . , the title of 'Business Manager' is insufficient, in and of itself, to render the holder of that position a corporate officer as a matter of law." Dkt. No. 19 at 8 (citing *Ellerman v. Centerpoint Prepress, Inc.*, No. 35932-1-I, 1999 WL 694012, at *3 (Wash. Ct. App. Sept. 7, 1999)). The Court explained, "[O]ne's job title, *without more*, does not make that person a corporate officer." *Id.* at 9 (emphasis added). "[B]eyond labeling Defendant Sandstrom 'Business Manager,' Plaintiffs provide no substantive information to indicate how his role at the company made him an 'officer' or, put another way, as someone whose corporate responsibilities placed him in a position to take possession of the company's assets and funds." *Id.*

These conclusions were proper and were supported by the record. As required, when the Court ruled on Plaintiffs' motion for default judgment, it considered the record before it. "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support [default] judgment." *Danning v. Lavine*, 572 F.2d

1386, 1388 (9th Cir. 1978); *see Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.").

Now, in their motion for reconsideration, Plaintiffs assert facts pertaining to Defendant Sandstrom's role in Above Plumbing that were neither alleged in their complaint nor asserted in their motion for default judgment. *Compare generally* Dkt. Nos. 1, 14–16, *with* Dkt. No. 20 at 5–6. Plaintiffs also now belatedly provide documentation to support these assertions. Plaintiffs present Above Plumbing's "Express Annual Report with Changes," which the company filed with the Washington Secretary of State on February 8, 2023. Dkt. No. 21 at 4–6. This record lists Defendant Sandstrom as a "Governor" of the company. *Id.* at 5. Plaintiffs also present a record from the Washington State Department of Labor and Industries. *Id.* at 8–9. This record lists Defendant Sandstrom as a "Partner/Member." *Id.* at 8. Finally, Plaintiffs present agreements signed by Defendant Sandstrom on Above Plumbing's behalf, which demonstrate Defendant Sandstrom's "authority under the law to determine the 'affairs of the entity.'" *Id.* at 11–19; Dkt. No. 20 at 5.

But none of this represents "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). All of the documentation filed with the instant motion predates the complaint, and the facts contained therein could have been pleaded when this case was initiated. It is not, in short, "newly discovered." *389 Orange St.*, 179 F.3d at 665. Consequently, this part of the motion necessarily fails.

### 3. Disposition of the Case

The Court's ruling here—the granting of default judgment as to Plaintiffs' ERISA claims—has no practical effect on the disposition of this case. Pursuant to the Court's prior

Order, Plaintiffs have prevailed on their claims for conversion of wages and unjust enrichment. (*see* Dkt. No. 19 at 8–11), which entitles them to recover the full amount of damages claimed (*see id.* at 16). That is to say, Plaintiffs' prevailing on their ERISA claims does not entitle them to any additional damages beyond what the Court has already awarded.

Additionally, upon ruling on Plaintiffs' motion for default judgment (Dkt. No. 14), the Court ordered Plaintiffs "to file an updated prejudgment interest calculation **within ten (10) days** of entry of th[e] Order." Dkt. No. 19 at 16. The Court entered its order on September 29, 2026; Plaintiffs' deadline to provide the updated interest calculation was thus October 9, 2026.

Plaintiffs failed to provide the Court with the requested information, in contravention of the Order. Therefore, the Court will enter judgment that awards the amount originally requested in Plaintiffs' motion for default judgment. *See* Dkt. No. 14-1 (proposed judgment) at 2.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration (Dkt. No. 20) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1) The Court's Order on Plaintiff's Motion for Default Judgment (Dkt. No. 19) is hereby AMENDED to GRANT default judgment on Plaintiff's First and Second Claims, as against Defendant Frees and the Frees Defendants.

(2) Plaintiffs are AWARDED:

- (a) $31,809.66 in delinquent fringe benefit contributions;
- (b) $6,361.93 in liquidated damages;
- (c) $7,065.09 in accrued prejudgment interest; and
- (d) $3,402.00 in attorney fees and $843.00 in legal costs.

Dated this 12th day of November 2026.

Tana Lin
United States District Judge